UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANN REAVILL,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 1:24-cv-00875-EPG<br><br>**STIPULATION AND ORDER FOR THE AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)**<br><br>**(ECF No. 14)** |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of SIX HUNDRED EIGHTY-FOUR DOLLARS AND NINETY- FOUR CENTS ($684.94) and no costs under 28 U.S.C. § 1920. These amounts represent compensation for all legal services rendered and costs incurred on behalf of Plaintiff, to date, by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 2412(d) and 1920.

After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to Plaintiff's counsel, John D. Metsker, pursuant to the assignment executed by Plaintiff. Any payments made shall be paid via electronic funds transfer (EFT) or via check delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.

Respectfully submitted,

Dated: December 26, 2024            */s/ John David Metsker*
                                    JOHN DAVID METSKER
                                    Attorney for Plaintiff


Dated: December 26, 2024            /*s/ Justin L. Martin\**
                                    JUSTIN L. MARTIN
                                    *As authorized via email on*
                                    *December* 26*, 2024*
                                    Special Assistant United States Attorney
                                    Office of Program Litigation, Office 7
                                    Attorney for Defendant

# **ORDER**

Pursuant to the parties' stipulation (ECF No. 14), IT IS ORDERED that Plaintiff is awarded attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), in the amount of SIX HUNDRED EIGHTY-FOUR DOLLARS AND NINETY-FOUR CENTS ($684.94) and no costs under 28 U.S.C. § 1920.

IT IS SO ORDERED.

Dated:  **December 27, 2024**              /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE